(No. 4360— ▉▉▉▉▉▉▉▉

HARRY L. McGUINN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 8, 1951.*

THOMAS C. BRADLEY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Harry L. McGuinn, seeks to recover from respondent under the Workmen's Compensation Act for the partial loss of use of his left arm as the result of an accident, which arose out of and in the course of his employment as a maintenance helper in the Division of Highways of the Department of Public Works and Buildings.

On June 26, 1950, claimant was riding on and operating a mower being drawn by a Highway Division truck. The truck and mower were proceeding in a westerly direction along Route 58 (Golf Road) in Cook County. The cutter bar on the mower struck an obstruction on the highway shoulder, thereby causing claimant to be thrown to the pavement, and the mower to overturn onto him.

No jurisdictional questions are involved, and claimant was temporarily and totally disabled until August 26, 1950.

On the date of his accident, claimant was 75 years of age, married, but had no children dependent upon him for support. His earnings in the ten months' period from his employment to the date of his injuries amounted to $2,587.64. His rate of compensation is, therefore, $22.50 per week.

During his period of temporary total disability he was paid the sum of $533.33 when he should have been paid only the sum of $196.07. He was thus overpaid in the amount of $337.26.

The medical testimony in the record is in sharp conflict, but a careful sifting thereof leads us to the conclusion that claimant has sustained a 30 per cent loss of use of his left arm.

The only medical testimony for respondent is that found in the departmental report on file herein. A doctor testified for claimant, and was subjected to a searching cross examination by counsel for respondent, about the only effect of which was to minimize slightly the extent of the traumatic arthritis from which claimant has suffered since his accident.

It is conceded that there is some limitation of rotation in his shoulder. It is also conceded that the recuperative powers of a man of the age of claimant would be considerably lessened, so that his condition takes on a permanence, which would not be expected in a man in the prime of life.

Various measurements of motion were made by the doctors, who examined claimant, and the only conclusion that we can draw from the conflicting medical testimony is that claimant's arm could be manipulated almost to the extreme limits of motion but that claimant could not voluntarily, without considerable pain, reach such limits of motion rapidly and directly.

To hold that claimant has sustained less than a 30 per cent loss of the use of his left arm would, in our opinion, deny to this elderly claimant the sympathetic interpretation of his case to which he is entitled under the Workmen's Compensation Act.

William J. Cleary & Co., Court Reporters, Chicago, Illinois, was employed to take and transcribe the testimony at the hearing before Commissioner Tearney. Charges in the amount of $42.00 were incurred, the same

being reasonable and customary. An award is entered in favor of William J. Cleary & Co. for $42.00.

An award is, therefore, entered in favor of claimant, Harry L. McGuinn, under Section 8 (e) (13) of the Workmen's Compensation Act for a 30 per cent loss of use of his left arm, being 67½ weeks at the rate of $22.50 per week, or the sum of $1,518.75, from which should be deducted the overpayment of temporary total disability compensation hereinabove referred to in the amount of $337.26, leaving a net award of $1,181.49 payable as follows:

$919.29 less overpayment of $337.26 or the sum of $582.03, which has accrued and is payable forthwith,

$599.46 which is payable in weekly installments of $22.50 per week, commencing on June 15, 1951, for a period of 26 weeks, plus one final payment of $14.46.

This award is subject to the approval of the Governor. Ill. Rev. Stat. 1949, Chap. 127, Section 180.